IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Peter Elliott, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:14-cv-1067 |
| Palisades Collection, LLC, a Delaware limited liability company, and Vativ Recovery Solutions, LLC, a Texas limited liability company | ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT – CLASS ACTION**

Plaintiff, Peter Elliott, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

**PARTIES**

3. Plaintiff, Peter Elliott ("Elliott"), is a citizen of the State of Indiana, who resides in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt, by filing a time-barred proof of claim in his bankruptcy

matter.

4. Defendant, Palisades Collection, LLC ("Palisades"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Palisades operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Palisades was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Vativ Recovery Solutions, LLC ("Vativ"), is a Texas limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Vativ operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Vativ was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Plaintiff.

6. Defendant Palisades is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection companies like, Defendant Vativ, via collection letters and filing proofs of claim in consumer bankruptcies.

7. Defendant Palisades is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, both Palisades and Vativ conduct business in Indiana.

**FACTUAL ALLEGATIONS**

8. Due to financial difficulties, during 2003 Plaintiff Elliott was forced to stop paying his debts, which included a debt he allegedly owed to AT&T Wireless. After this debt became delinquent it was sold or transferred the debt to Defendant Palisades.

9. Ultimately, Mr. Elliott and his wife filed a Chapter 13 bankruptcy petition in a matter styled In re: Elliott, S.D. Ind. Bankr. No. 13-06875-JMC-13. Although the statute of limitations in the State of Indiana for collecting delinquent debts, pursuant to Indiana Code § 34-11-2, is six years from the date of the last activity, on July 12, 2013, Vativ filed a proof of claim for Palisades against Mr. Elliott in his bankruptcy to obtain money for that debt.

10. Specifically, Claim No. 4-1, in the amount of $428.42, was filed as to the alleged AT&T Wireless account, even though the date of last activity on that account was on or before May, 2004. A copy of this proof of claim is attached as Exhibit B.

11. Accordingly, Mr. Elliott's bankruptcy counsel was forced to object to this time-barred proof of claim via an objection filed on July 17, 2013. A copy of this objection is attached as Exhibit C.

12. On August 22, 2013, the Bankruptcy Court sustained the objection and disallowed Defendants' time-barred proof of claim. A copy of the Court's Order is attached as Exhibit D.

13. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership,

3

27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692e(5) Of The FDCPA –
Taking An Action That Could Not Be Legally Taken**

15. Section 1692e(5) of the FDCPA prohibits debt collectors from taking actions that cannot legally be taken in connection with the collection of a debt, see 15 U.S.C. § 1692e(5).

16. Attempts by debt collectors to collect time-barred debts violate § 1692e of the FDCPA. See, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and, McMahon v. LVNV Funding, 2014 U.S. App. LEXIS 4592 (7th Cir. 2014).

17. By filing a bankruptcy proof of claim for a debt that was plainly time-barred under Indiana Law, Defendants took an action that it could not legally take and, thus, violated § 1692e(5) of the FDCPA.

18. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

19. Plaintiff Elliott brings this action individually and as a class action on behalf of all persons similarly situated in the United States from whom Defendants attempted to collect a delinquent, time-barred consumer debt, by filing a proof of claim during a bankruptcy proceeding, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' collection practice, of filing time-barred proofs of claim in bankruptcy proceedings in an attempt to collect debts that are beyond the statute of limitations, violates the FDCPA, and asks that this Court award damages as authorized by § 1692k(a)(1) and (2) of the FDCPA.

20. Defendants Palisades and Vativ regularly engage in debt collection, by filing proofs of claim in bankruptcy proceedings to attempt to collect on debts which are beyond the statute of limitations.

21. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by filing proofs of claim on time-barred debts.

22. Plaintiff Elliott's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

23. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

24. Plaintiff Elliott will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.

Moreover, Plaintiff Elliott has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Peter Elliott, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Elliott as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendants' collection practices violate the FDCPA;

4. Enter judgment in favor of Plaintiff Elliott and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Peter Elliott, individually and on behalf of all others similarly situated, demands trial by jury.

                                            Peter Elliott, individually and on behalf
                                            of all others similarly situated,

                                            By: /s/ David J. Philipps
                                            One of Plaintiff's Attorneys

Dated: June 26, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
5218 S. East Street
Suite E1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com